IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL CASE NO. 2:21-cv-718-ECM ) (WO) |
| $13,157.00 IN UNITED STATES CURRENCY, | ) ) ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION and ORDER**

The United States filed this forfeiture action on October 26, 2021. Counsel for the Claimant, Shanara Junior ("Junior") accepted service on her behalf on November 4, 2021. (Doc. 14 at 2). The time to file a claim expired on December 9, 2021. (*Id*.)

On March 1, 2022, the United States filed an Application to the Clerk for Entry of Default (doc. 8). The Clerk entered default on March 2, 2022. (Doc. 9). On March 10, 2022, the United States filed a motion for Decree of Forfeiture (doc. 10). On March 11, 2022, Junior filed a verified claim and objection to forfeiture (doc. 11) and, on March 14, 2022, filed a motion to set aside the entry of default. (Doc. 12). The United States opposes the motion to set aside entry of default. (Doc. 14). Upon consideration of the motion, and for the reasons that follow, the Court concludes that the Claimant's motion to set aside the entry of default (doc. 12) is due to be GRANTED and the Plaintiff's motion for a decree of forfeiture (doc. 10) is due to be DENIED.

## II. JURISDICTION

The Court has original subject matter jurisdiction over a case involving the United States pursuant to 28 U.S.C. § 1345 and over a forfeiture action pursuant to 28 U.S.C. § 1355(a).

Personal jurisdiction and venue are uncontested, and the Court concludes that venue properly lies in the Middle District of Alabama. *See* 28 U.S.C. § 1391.

## III. LEGAL STANDARD

Federal Rules of Civil Procedure 55 governs the procedure for obtaining a default judgment and creates a two-step procedure for obtaining a default judgment against an unresponsive party. When a defendant "has failed to plead or otherwise defend" against claims, and the plaintiff demonstrates that failure, the Clerk must enter the defendant's default. FED. R. CIV. P. 55(a). After entry of default, the plaintiff "must apply to the court for a default judgment." FED. R. CIV. P. 55(b)(2).

However, a defendant's failure to appear and an entry of default by the Clerk does not automatically entitle the plaintiff to default judgment.

## IV. DISCUSSION

After the Clerk entered default, Junior filed a motion to set aside the entry of default and a verified claim which responds to and acknowledges the pending forfeiture action. The Court may "set aside an entry of default for good cause shown." Fed. R. Civ. P. 55(c). No default judgment has been entered in this case. The distinction is important because the standard to be applied differs.

> The importance of distinguishing between an entry of default and a default judgment lies in the standard to be applied in determining whether or not to set aside the default. The excusable neglect standard that courts apply in setting aside a default judgment is more rigorous than the good cause standard that is utilized in setting aside an entry of default.

*E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 527–28 (11th Cir. 1990).

Because default judgment has not been entered, the Court must determine whether Junior has demonstrated good cause for setting aside the entry of default.

> 'Good cause' is a mutable standard, varying from situation to situation. . . .We recognize that "good cause" is not susceptible to a precise formula, but some general guidelines are commonly applied. . . . Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense.

*Compania Interamericana Export-Import, S.A. v. Compania Dominicana De Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (internal quotation marks and citations omitted). Of course, "these factors are not talismanic;" they are simply a "means of identifying circumstances which warrant a finding of good cause to set aside a default." *Id*. (internal quotations omitted).

In this case, the Court concludes that good cause exists to set aside the entry of default. First, counsel for the Claimant asserts that he suffered from a severe case of the Coronavirus ("COVID") that rendered him unable to practice law for approximately six weeks. (Doc. 12). In addition, member of his staff also suffered from COVID or were quarantined due to COVID. (*Id*.). Neither the Claimant nor her counsel is guilty of willfulness under the circumstances. Junior also acted expeditiously once the Clerk entered

default. Moreover, the United States concedes that it "consent[ed] to multiple extensions of the claim deadline." (Doc. 14 at 2).

Next, although the United States argues that it is prejudiced by the delay, the United States fails to demonstrate that it would suffer any specific undue prejudice from setting aside the entry of default. *See generally, United States v. Andrews*, 2010 WL 2507278 (M.D. Ga. 2010) ("The [Plaintiff] would suffer prejudice in a general sense as a result of setting aside the default. However, the [Plaintiff] has put forth no evidence showing that it would suffer any particular prejudice, like the loss of evidence.") (brackets added). Requiring the United States to litigate its case is not prejudicial. *Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1357 (11th Cir. 2009) (citing *Lacy v. Sitel Corp.,* 227 F.3d 290, 293 (5th Cir. 2000) for the proposition that "[t]here is no prejudice to the plaintiff where the setting aside of the default has done no harm to plaintiff except to require it to prove its case."). "[M]ere delay does not alone constitute prejudice." *Lacy*, 227 F.3d at 293. In fact, the United States admits that it "purposefully did not move for default" because it was aware that counsel "was seriously ill with the Covid-19 virus." (Doc. 14 at 4, n.1). Thus, the Court concludes that the United States has failed to demonstrate that it would suffer prejudice from setting aside the entry of default.

Finally, Junior asserts that she has a viable claim to the seized currency and a meritorious defense to the United States' forfeiture claim. (Doc. 12). While the United States disputes her defense, the government conflates the merits of the underlying forfeiture action with good cause for setting aside the entry of default.

4

The Court is cognizant of the Eleventh Circuit's "strong policy of determining cases on their merits" and "therefore view[s] defaults with disfavor." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003); *Fla. Physician's Ins. Co., Inc. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993). For these reasons, the Court concludes that the Claimant has demonstrated good cause to set aside entry of default.

## V.  CONCLUSION

Accordingly, it is

ORDERED that the Claimant's motion to set aside the entry of default, (doc. 12) is GRANTED. It is further

ORDERED that the United States' motion for decree of forfeiture (doc. 11) is DENIED without prejudice.

DONE this 22nd day of August, 2022.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE